**WO**  LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Sine, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>    Defendant. | No. CV 05-1899-PHX-NVW (VAM)<br><br>**ORDER TO SHOW CAUSE** |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff was formerly confined in the Durango Jail in the Maricopa County jail system. The Court will require Plaintiff, within thirty days, to either pay the $250.00 filing fee or show good cause why he cannot pay.

**A.      Procedural Background.**

Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the $250.00 civil action filing fee. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

JDDL

1 full amount of the filing fee."); 28 U.S.C. § 1915(b)(1). Soon after filing his Complaint, Plaintiff submitted a change of address to a private residence in Brockport, New York. See Dkt. #3. He apparently has been released from jail, and the $250.00 filing fee can no longer be collected from his inmate trust account. Accordingly, the $250.00 civil action filing fee is now due in full unless Plaintiff can show good cause why he should not be required to pay it immediately.

Plaintiff will be given thirty days in which he must either pay the $250.00 filing fee or respond to this Order in writing. Plaintiff's written response must include: (1) a statement of Plaintiff's date of release; and (2) Plaintiff's affirmation that he has paid or will pay the unpaid balance of the filing fee in full no later than 120 days from the date of his release or Plaintiff's affidavit under penalty of perjury demonstrating good cause why he is presently unable to pay the outstanding balance of the filing fee. See 28 U.S.C. § 1746 (the oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct, and signs and dates the statement). If Plaintiff chooses to demonstrate good cause, he must describe his current financial condition in detail, including his sources of income, whether he is employed, and any liabilities he may have.

**B.    Rule 41 Cautionary Notice.**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED that:**

(1) Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay the $250.00 filing fee in full or to respond as described in this Order.

/ / /

/ / /

/ / /

1    (2)   The Clerk of Court shall enter a judgment of dismissal of this action without
2 prejudice and without further notice if Plaintiff fails to comply.
3    DATED this 25th day of October, 2005.

*Neil V. Wake*
Neil V. Wake
United States District Judge

JDDL

- 3 -